UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VANESSA CAMPER,

           Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

           Defendants.

Case No. 3:20-cv-05283-TLF

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on the defendant's motion for partial summary judgment on plaintiff's declaratory judgment and breach of contract claims. Having reviewed the Motion (Dkt. 14), the Response (Dkt. 16), the Reply (Dkt. 19), and the relevant record, the Court DENIES the Motion.

## BACKGROUND

Plaintiff Vanessa Camper's residence sustained flood damage on May 17, 2017. Complaint, Dkt. 1, at 2; Declaration of George A. Thornton (plaintiff's counsel), Dkt. 18, at 2. At the time, plaintiff had a homeowner's insurance policy by defendant State Farm Fire and Casualty Service. Declaration of Vanessa Camper, Dkt. 17, at 2. Plaintiff alleged breach of the policy conditions and sued for policy coverage in King County Superior Court on May 15, 2018. Decl. Thornton, Dkt. 18, at 4. That lawsuit was removed to federal court, where proceedings continued before District Judge Benjamin

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

Settle through discovery and dispositive motions practice. *See* docket of *Camper v. State Farm Fire and Casualty Company et al*, cause no. 3:18-cv-05486-BHS ("*Camper I*").

In the course of *Camper I*, plaintiff sought to pursue additional claims against defendant arising out of the operative facts. Decl. Thornton, Dkt. 18, at 4. Finding no plain legal prejudice to defendant, Judge Settle permitted plaintiff to voluntarily dismiss her claims without prejudice to bring a second lawsuit. Decl. Thornton, Plaintiff's Exhibit F, Order Granting Plaintiff's Motion to Dismiss (*Camper 1*), Dkt 18-1, at 45-46. The case was ordered dismissed Dec. 5, 2019. *Id.* at 46. After plaintiff re-filed the lawsuit, the parties agreed that depositions and other discovery devices filed in the previous lawsuit would be fully applicable in further proceedings. Decl. Thornton, Dkt. 18, at 5.

On March 25, 2020, plaintiff filed her second lawsuit before this Court, pursuing claims for declaratory judgment, breach of contract, negligent claim handling, violation of the Consumer Protection Act, violation of the Insurance Fair Conduct Act (IFCA), and insurance bad faith. Dkt. 1, at 9-11.

Defendant now brings this motion requesting that plaintiff's claims under her policy for declaratory judgment and breach of contract be dismissed. Defendant's motion contains a single argument relying on the contractual limitation clause in plaintiff's insurance policy. Dkt. 14 at 2. Requiring that suit be filed within one year of the occurrence, the clause in question states:

> Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Declaration of Michael S. Rogers, Defendant's Exhibit 1, Plaintiff's Policy with Defendant State Farm, Dkt. 15-1 at 27. Plaintiff refiled her coverage-related claims in

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

this lawsuit nearly three years after the alleged date of loss or damage. *See* Dkt. 1. Defendant claims plaintiff has therefore started the action against defendant in contravention of the one-year limitation placed by plaintiff's policy. Dkt. 14, at 2.

## LEGAL STANDARD

Summary judgment is supported "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCP) 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2). The nonmoving party is required to present specific facts and cannot rely on conclusory allegations. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993).

A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1  Contract interpretation is generally a question of law for the Court. *See Berg v. Hudesman*, 115 Wn.2d 657, 663, 801 P.2d 222 (1990). The Court must apply state law to the substantive issues raised. *See Hanna v. Plumer*, 380 U.S. 460, 470-74 (1965). Washington courts give a "term [within a contract] its 'plain, ordinary, and popular' meaning." *McLaughlin v. Travelers Commercial Ins. Co.*, 196 Wn.2d 631, 648 (2020) (citing *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 877 (1990)) (quotation omitted). Further, courts construe the language of an insurance policy with the "same construction that an average person purchasing insurance would give the contract." *Id.* at 642 (citing *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52, (2007)) (quotation omitted). If the language of a contract is clear and unambiguous, the Court "may not modify the contract or create ambiguity where none exists." *Id.* at 649 (citing *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576 (1998) (internal citation omitted)).

"Where the parties' contractual language is ambiguous, the principal goal of construction is to search out the parties' intent." *Jones Assocs., Inc. v. Eastside Props., Inc.*, 41 Wn. App. 462, 467, 704 P.2d 681 (1985). "A term will be deemed ambiguous if it is susceptible to more than one reasonable interpretation." *Holden v. Farmers Ins. Co. of Wash.*, 169 Wn.2d 750, 756 (2010). "[A]mbiguous contract language is strictly construed against the drafter." *Jones Assocs.*, 41 Wn. App. at 468. Furthermore, ambiguity in an insurance policy "must be resolved in favor of the insured." *Webb v. USAA Cas. Ins. Co.*, 12 Wn. App. 2d 433, 445 (2020).

The parties dispute whether the one-year contractual limitation clause on lawsuits against defendant applies when a suit properly filed within one year of the date of loss is dismissed without prejudice after that deadline. If this were so, then after one

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

1  year following the date of loss, claims voluntarily dismissed with the intent of promptly
2  continuing the litigation under a new lawsuit would be barred without the benefit of
3  tolling.
4     Insurance contracts may include reasonable limitations on liability, including
5  limitations on suit. *Ashburn v. Safeco Ins. Co.*, 42 Wn. App. 692, 695, 713 P.2d 742,
6  *review denied* 105 Wn.2d 1016 (1986). Suit limitations in insurance policies are
7  permitted by Washington law, so long as the specified period is no less than one year
8  from the date of the loss. RCW 48.18.200(2). An insurer need not prove prejudice from
9  late filing to rely on an insured's failure to file suit within the contract limitation period.
10 *Simms v. Allstate Ins. Co.*, 27 Wn. App. 872, 877, 621 P.2d 155 (1980).
11    Defendant asserts that the term "action" is limited to the meaning of "lawsuit," or
12 the proceedings associated with an individual case number, and accordingly, that the
13 contract's language that "no action may be started" unambiguously means "no lawsuit
14 may be filed (or re-filed)." Dkt. 14, at 2. Plaintiff contends that because the second
15 lawsuit filed identical coverage-related claims to the first, the claims are a continuation
16 of the same legal action she began in 2017. Dkt. 16, at 3. Plaintiff asserts that the
17 contractual limitation therefore does not apply and indicates that "nothing in the contract
18 language . . . says plaintiff can't take a voluntary dismissal without prejudice of a
19 properly started lawsuit and promptly continue that suit under a separate cause
20 number." *Id.*
21    Defendant argues that the fact that plaintiff had previously filed suit within the
22 contractual period does not toll the limitations period if the first suit is dismissed, so
23 plaintiff's 2017 lawsuit cannot have satisfied the limitations clause in this case. Dkt. 19,
24
25

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

at 2. Defendant cites to *Logan v. North-West Ins. Co.*, 45 Wn. App. 95, 99 (Wash. App. Ct. Div. II, 1986), in which the Washington Court of Appeals found that an insured's contractual counterclaim, which was filed outside the one-year contractual limitations period and had been filed after the original action was dismissed, could not proceed. Defendant asserts that therefore, when an action is dismissed, a contractual limitations period continues to run as though the action had never been brought. *See Logan v. North-West Ins. Co.*, 45 Wn. App. 95, 99, 724 P.2d 1059 (1986); *accord Fittro v. Alcombrack,* 23 Wn. App. 178, 180, 596 P.2d 665 (1979) (statute of limitations)

      Yet in *Logan*, the insured had not actually brought their contractual claim within the limitations period at all – the contract claim was made five-and-a-half years past the date of loss. *Logan*, 45 Wn. App at 99. Although the Court opined that the plaintiff's claim would have been barred regardless, asserting that contractual limitations periods might be treated identically to the restrictions set by the statute of limitations, the Court finds that assertion to be dicta. The Court has not found Washington state law to have directly answered whether contractual limitations clauses shall be valid when, under facts such as in this case, an insured previously brought suit within the specified contractual period and on voluntary dismissal seeks to consolidate her claims with others arising from the same set of operative facts.

      On these facts, the Court may examine whether the limitations clause is ambiguous. The Court finds that in the narrow circumstances where the plaintiff timely brought her contractual claim and later voluntarily dismissed the claim, there is latent ambiguity regarding whether the action shall be considered to have already been started, since the term action may as reasonably connote plaintiff's prosecution of her

claim for breach of contract as the lawsuits she filed. *See Holden v. Farmers Ins. Co. of Wash.*, 169 Wn.2d 750, 756 (2010).

Although "action" may be frequently understood to mean "lawsuit," the term encompasses those steps taken in relation to what are otherwise called a "cause of action" (the set of facts giving rise to a legal claim) or a "right of action" (the right to enforce a claim). The Washington statute enabling limitations clauses in insurance contracts includes both alternatives: "No insurance contract [shall limit] *right of action* against the insurer to a period of less than one year from the time when the *cause of action* accrues." RCW 48.18.200 (emphasis added). A legal action in pursuit of a single claim might therefore connote multiple meanings, including but not limited to: a lawsuit brought to enforce the claim, a lawsuit brought in relation to the facts underlying the claim, or the whole set of steps (not limited to a single lawsuit) taken to enforce the rights implicated by the claim. Consider that Black's Law Dictionary broadly defines "legal action" as a "lawful pursuit for justice or decision under the law, typically leading to proceeding within the jurisdiction's court system." "Legal Action," Black's Law Dictionary, at https://thelawdictionary.org/legal-action/" title="LEGAL ACTION" (accessed Jan. 20, 2021).

The Court therefore may reasonably interpret that the use of the "action" in RCW 48.18.200 and in the insurance contract here would not limit plaintiff to a single lawsuit; in this case, the original lawsuit having been filed within the one-year limit and including the breach of contract cause of action, and the second lawsuit following a voluntary dismissal without prejudice. To that end, the Court shall abide by the reasonable interpretation more favorable to plaintiff, the insured. *See Holden v. Farmers Ins. Co. of*

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7

1  *Wash.*, 169 Wn.2d 750, 756 (2010); *Webb v. USAA Cas. Ins. Co.*, 12 Wn. App. 2d 433,
2  445 (2020).

3  Furthermore, when a term is ambiguous, Washington law directs the court to
4  consider the plain, ordinary, and popular meaning of terms. The plain, ordinary, and
5  popular meaning of "starting an action" is when a party first seeks legal relief for injuries
6  arising from the same set of operative facts. That is, starting an action has more to do
7  with the causes of action themselves and the substantive nature of a party's claims.
8  While voluntary dismissals and refiled complaints create distinct lawsuits, any common
9  claims pursued are ordinarily understood as a continued pursuit of the previously filed
10 action.

11 Although the interpretation of contract limitations is governed by state law, to the
12 extent that plaintiff's situation raises the problems of joinder, the court may also
13 consider the federal procedural rules on point regarding the issue. *See McCalla v. Royal*
14 *Maccabees Life Ins. Co.*, 369 F.3d 1128, 1135 (9th Cir. 2004) (citing *Freund v.*
15 *Nycomed Amersham*, 347 F.3d 752 (9th Cir. 2003)). Defendant argues that if plaintiff
16 had chosen to continue in her original suit in this court, she might have pursued an
17 entirely new lawsuit on the claims she sought to join to the contract and declaratory
18 judgment claims. Defendant's Oral Argument, Dkt. 28. Federal Rule of Civil Procedure
19 18 supports permissive joinder of claims, even those arising from the same cause of
20 action. Fed. R. Civ. P 18(a). Yet the Rule encourages that such claims should be filed
21 together, to prevent duplicative proceedings. *See* Fed. R. Civ. P 18(a), n.1 (observing
22 the trend toward unlimited joinder of actions). Plaintiff's decision to voluntarily dismiss

ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 8

1  her claims without prejudice and join those claims to others, ought not to be penalized, as it would otherwise burden the courts' interest in judicial efficacy.

Accordingly, in this case, plaintiff filed her declaratory judgment and breach of contract claims on May 15, 2018, within one year of May 17, 2017, when the alleged flood occurred. Defendants were properly served with these claims, and defendant's removal of the same introduced the action to this court. That plaintiff in 2020 voluntarily dismissed her claims without prejudice, with the parties anticipating continued litigation, does not separate the identical contractual claims asserted into two actions. The Court finds – on these facts, the *Logan* case is distinguishable -- plaintiff's original filing that included the breach of contract cause of action satisfied the contractual requirements of the policy; under these circumstances, the one-year limitation clause in the contract does not bar plaintiff from bringing the identical claims in the instant lawsuit.

CONCLUSION

The plain, ordinary, and popular meaning of "starting an action" is to seek legal relief for a given cause of action, or the claim arising from a specific set of operative facts. The Court is bound to construe the contractual limitation according to the reasonable interpretation which is most favorable to plaintiff. Accordingly, the Court ORDERS that defendant's motion for partial summary judgment be dismissed and plaintiff's claims shall continue in this suit in their entirety.

Dated this 2nd day of March, 2021.

Theresa L. Fricke
United States Magistrate Judge