# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

VANESSA CAMPER,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

Case No. C20-5283 TLF

ORDER GRANTING MOTION FOR RECONSIDERATION

This matter comes before the Court on defendant's Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Partial Summary Judgment. Dkt. 30. The parties have briefed the pending motion. Dkt. 30, 34, 35. For the reasons set forth below, the Court grants defendant's motion for reconsideration and amends the Court's previous Order (Dkt. 29).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Vanessa Camper's residence sustained flood damage on May 17, 2017. Complaint, Dkt. 1, at 2; Declaration of George A. Thornton (plaintiff's counsel), Dkt. 18, at 2. At the time, plaintiff had a homeowner's insurance policy by defendant State Farm Fire and Casualty Company. Declaration of Vanessa Camper, Dkt. 17, at 2. Plaintiff alleged breach of the policy conditions and sued for policy coverage in King County Superior Court on May 15, 2018. Decl. Thornton, Dkt. 18 at 4. Defendant removed the

ORDER GRANTING MOTION FOR RECONSIDERATION - 1

lawsuit to federal court, where proceedings continued before the Honorable Benjamin H. Settle through discovery and dispositive motion practice. *See* docket of *Camper v. State Farm Fire and Casualty Company et al*, case no. 3:18-cv-05486-BHS ("*Camper I*").

In *Camper I*, plaintiff sought to pursue additional claims against defendant arising out of the operative facts. Decl. Thornton, Dkt. 18, at 4. Finding no plain legal prejudice to defendant, Judge Settle permitted plaintiff to voluntarily dismiss her claims without prejudice to bring a second lawsuit. Decl. Thornton, Plaintiff's Exhibit F, Order Granting Plaintiff's Motion to Dismiss (*Camper I*), Dkt. 18, at 45-46.

On March 25, 2020, plaintiff filed her second lawsuit before this Court, pursuing claims for declaratory judgment, breach of contract, negligent claim handling, violation of the Consumer Protection Act, violations of the Insurance Fair Conduct Act (IFCA) and insurance bad faith. Dkt. 1, at 9-11.

Defendant filed a motion for partial summary judgment arguing that the Court should dismiss plaintiff's claims for declaratory judgment and breach of contract as barred by the terms of the relevant insurance policy. Dkt. 14. Defendant argued that these claims are barred under the insurance policy's contractual suit limitation clause which states:

> Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Declaration of Michael S. Rogers, Defendant's Exhibit 1, Plaintiff's Policy with Defendant State Farm, Dkt. 15-1 at 27.

The Court issued an Order Denying Defendant's Motion for Partial Summary Judgment. Dkt. 29. The Court held that a latent ambiguity existed in the suit limitation provision, as applied to the narrow circumstances presented in this action. Dkt. 29 at 6. Specifically, the Court held that although the term "action" frequently means "lawsuit," based on the language of the suit limitation provision and considering the statutory language of RCW 48.18.200, the term "action" could also reasonably refer to "cause of action" or "right of action." Dkt. 29 at 6-7. Accordingly, the Court followed the reasonable interpretation more favorable to plaintiff, and held that plaintiff complied with the one year suit limitation provision by filing the original lawsuit within one year of the loss. Dkt. 29 at 6-9.

Defendant filed this Motion for Reconsideration of the Court's Order Denying Defendant's Motion for Partial Summary Judgment. Dkt. 30. Defendant argues that the Court should grant the Motion for Reconsideration because the Court's previous Order incorrectly interpreted the language of the suit limitation provision, erred in applying RCW 48.18.200(1)(c) and reached a conclusion contrary to Washington law. Dkt. 30.

Plaintiff opposes defendant's Motion for Reconsideration. Dkt. 34. Plaintiff concedes that the term "action" in the suit limitation provision refers to commencing a lawsuit, but argues that plaintiff met the requirements of the provision by timely filing the complaint in *Camper I*. Dkt. 34 at 5. Plaintiff maintains that an ambiguity exists because the suit limitation provision does not address a situation in which an insured timely commences an action, voluntarily dismisses the action and subsequently refiles the same action. Dkt. 34 at 5-6.

## MOTION FOR RECONSIDERATION

Motions for reconsideration are generally disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).

Defendant has correctly noted that the Court's previous order cites to a portion of RCW 48.18.200(1)(c) that is not applicable to this action. Dkt. 30. Additionally, the Court's previous Order addressed how the term "action" in the suit limitation clause should be interpreted and how it would be understood by an insured. Dkt. 29. Plaintiff has clarified that her position is that the term "action" in the suit limitation clause refers to a lawsuit. Dkt. 34 at 5. The parties' agreement regarding the meaning of the term "action" materially alters the Court's analysis of defendant's previous motion. Accordingly, the Court grant's defendant's Motion for Reconsideration and amends the Court's Order as set forth below.

ORDER GRANTING MOTION FOR
RECONSIDERATION - 4

| | |
|---|---|
| 1 | AMENDED ORDER |
| 2 | Summary judgment is supported if the materials in the record "show that there is |
| 3 | no genuine issue as to any material fact and that the movant is entitled to judgment as a |
| 4 | matter of law." Federal Rule of Civil Procedure (FRCP) 56 (a),(c). The moving party |
| 5 | bears the initial burden to demonstrate the absence of a genuine dispute of material fact |
| 6 | for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute |
| 7 | concerning a material fact is presented when there is sufficient evidence for a |
| 8 | reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby,* |
| 9 | *Inc.*, 477 U.S. 242, 252 (1986). In this context, materiality means the fact is one that is |
| 10 | "relevant to an element of a claim or defense and whose existence might affect the |
| 11 | outcome of the suit"; thus, materiality is "determined by the substantive law governing |
| 12 | the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 |
| 13 | (9th Cir. 1987). |
| 14 | The non-moving party is required to show that genuine issues of material fact |
| 15 | "'can be resolved only by a finder of fact *because they may reasonably be resolved in* |
| 16 | *favor of either party.'" California Architectural Building Prods., Inc. v. Franciscan* |
| 17 | *Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson,* 477 U.S. at |
| 18 | 250) (emphasis in original). When the Court considers a motion for summary judgment, |
| 19 | "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to |
| 20 | be drawn in [their] favor." *Anderson,* at 255. Yet the Court is not allowed to perform the |
| 21 | jury's function – the Court may not weigh evidence, draw legitimate inferences from |
| 22 | facts, or decide credibility. *Id.* If the moving party meets their initial burden, an adverse |
| 23 | party may not rest upon the mere allegations or denials of his pleading; his or her |
| 24 | |
| 25 | |

response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(c). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015). "The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." *Id.*

Under the Erie Doctrine, a federal court considering a case that is under diversity jurisdiction will apply federal procedural law, and the substantive state law of the forum state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938); *Freund v. Nycomed Amersham,* 347 F.3d 752, 761 (9th Cir. 2003). If the Court considers an issue of state law that has not yet been addressed by the appellate courts of the state, the Court predicts how the state supreme court "would probably rule in a similar case." *King v. Order of United Commercial Travelers,* 333 U.S. 153, 161 (1948).

Contract interpretation is generally a question of law for the Court. *See Berg v. Hudesman*, 115 Wn.2d 657, 663 (1990). The Court must apply state law to the substantive issues raised. *See Hanna v. Plumer*, 380 U.S. 460, 470-74 (1965). Washington courts give a "term [within a contract] its 'plain, ordinary, and popular' meaning." *McLaughlin v. Travelers Commercial Ins. Co.*, 196 Wn.2d 631, 648 (2020) (citing *Boeing Co. v. Aetna Cas. & Sur. Co.*, 196 Wn.2d 869, 877 (1990)) (quotation omitted). Further, courts construe the language of an insurance policy with the "same construction that an average person purchasing insurance would give the contract." *Id.* at 642 (citing *Woo v. Fireman's Funds Ins. Co.*, 161 Wn.2d 43, 52 (2007)) (quotation omitted). If the language of a contract is clear and unambiguous, the Court "may not

ORDER GRANTING MOTION FOR
RECONSIDERATION - 6

modify the contract or create ambiguity." *Id.* at 649 (citing *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576 (1998) (internal citation omitted).

"Where the parties' contractual language is ambiguous, the principal goal of construction is to search out the parties' intent." *Jones Assocs., Inc. v. Eastside Props., Inc.*, 41 Wn.App. 462, 467 (1985). "A term will be deemed ambiguous if it is susceptible to more than one reasonable interpretation." *Holden v. Farmers Ins. Co. of Wash.*, 169 Wn.2d 750, 756 (2010). "[A]mbiguous contract language is strictly construed against the drafter." *Jones Asosc.,* 41 Wn. App. at 468. Furthermore, ambiguity in an insurance policy "must be resolved in favor of the insured." *Webb v. USAA Cas. Ins. Co.*, 12 Wn. App. 2d 433, 445 (2020).

The parties dispute whether the one-year contractual limitation clause on lawsuits against defendant applies when a suit properly filed within one year of the date of loss is dismissed without prejudice after that deadline. If this were so, then after one year following the date of loss, claims voluntarily dismissed with the intent of promptly continuing the litigation under a new lawsuit would be barred without the benefit of tolling.

Insurance contracts may include reasonable limitations on liability, including limitations on suit. *Ashburn v. Safeco Ins. Co.*, 42 Wn. App. 692, 695, *review denied* 105 Wn.2d 1016 (1986). Suit limitations in insurance policies are permitted by Washington law, so long as the specified period is no less than one year from the date of the loss. RCW 48.18.200(1)(c). A suit limitation clause is treated as a contractual modification of a statute of limitation. *W. Beach Condo. V. Commonwealth Ins. Co. of Am.*, 11 Wn. App. 2d 791, 801 (2020); *Yakima Asphalt Paving Co. v. Dep't of Transp.*,

45 Wn. App. 663, 665 (1986) (treating suit limitation clauses as a contractual agreement to shorten a statutory limitation period). An insurer need not prove prejudice from late filing to rely on an insured's failure to file suit within the contract limitation period. *Simms v. Allstate Ins. Co.*, 27 Wn. App. 872, 877 (1980).

A. <u>Continuing Litigation – Fed. R. Civ. P. 41(2)</u>

For the reasons set forth below, this action cannot be considered a continuation of the previously filed action in *Camper I*.

Plaintiff concedes that the term "action" in the suit limitation clause refers to commencing a lawsuit and argues that plaintiff complied with this provision by filing *Camper I*. Dkt. 34. Plaintiff contends that the current litigation is a continuation of *Camper I*, and therefore this action is not barred by the suit limitation clause. Dkt. 34.

When considering the effects of a party's voluntary dismissal, with regards to a statute of limitations, Washington case law generally tracks federal case law. *Beckman v. Wilcox*, 96 Wn. App. 355, 359 (1999). Voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a) does not toll the applicable statutes of limitations. *James v. Price Stern Sloan*, 283 F.3d 1064, 1066 (9th Cir. 2002) ("plaintiff assumes the risk that, by the time the case returns to district court, the claim will be barred by the statute of limitations or laches"); *Ford v. Sharp*, 758 F.2d 1018, 1024 (5th Cir. 1985) ("For purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit.").

Under both Washington case law and federal case law, a suit filed after a voluntary dismissal is not treated as a continuation of the previous suit, rather the Court must proceed as if the previous suit had never been filed. *Humphreys v. United States*,

272 F.2d 411, 412 (9th Cir. 1959) ("[A] suit dismissed without prejudice pursuant to Rule 41(a)(2) leaves the situation the same as if the suit had never been brought in the first place."); *Morris v. Swedish Health Servs.*, 148 Wn. App. 771, 777 (2009) ("Washington has interpreted the voluntary dismissal rule as rendering the proceeding a nullity and leaving the parties as if the action had never been brought.") (quotation omitted) (citing *Beckman v. Wilcox*, 96 Wn. App. 355, 359 (1999)).

To comply with the suit limitation clause, plaintiff was required to commence this action within one year after the date of loss or damage. The date of loss is May 17, 2017. For purposes of *Camper I*, plaintiff complied with the suit limitation clause by commencing the action on May 15, 2018. However, because *Camper I* was terminated pursuant to Fed. R. Civ. P. 41(a)(2), for purposes of the suit limitation clause, the Court is required to treat *Camper I* as if it had never been brought in the first place. Accordingly, the *present* litigation must comply with the suit limitation clause. Plaintiff filed this action on March 25, 2020, more than two years after the date of loss. Further, plaintiff has made no showing that the suit limitation period should be tolled.

Based on the foregoing, because plaintiff commenced this action more than two years after the date of loss, plaintiff did not comply with the suit limitation clause. Therefore, plaintiff's breach of contract claim is barred by the suit limitation clause.

B. Public Policy

For the reasons set forth below, the suit limitation clause does not violate Federal Rule of Civil Procedure 41(a).

Plaintiff argues that the Court should refuse to enforce the suit limitation clause as void against public policy because it contravenes Federal Rule of Civil Procedure 41(a). Dkt. 16, 34.

Federal Rule of Civil Procedure 41(a)(1) specifies when a plaintiff may voluntarily dismiss an action without prejudice without a court order. Fed. R. Civ. P. 41(a)(1). Federal Rule of Civil Procedure 41(a)(2) explains when an action may be dismissed at the plaintiff's request with a Court order. Fed. R. Civ. P. 41(a)(2).

The suit limitation clause in question does not prevent plaintiff from exercising her right to voluntarily dismiss an action and does not prevent a Court from granting plaintiff's request to voluntarily dismiss an action without prejudice. Additionally, when a complaint is voluntarily dismissed pursuant to Rule 41, the Court is required to treat any subsequently filed suits as a new independent action, not a continuation of the dismissed action. *Humphreys*, 272 F.2d at 412; *Morris*, 148 Wn. App. at 777. Accordingly, application of the suit limitation clause in this action would not violate the language or purpose of Federal Rule of Civil Procedure 41.

C. Waiver

Finally, plaintiff argues that the Court should hold that defendant waived the application of the suit limitation clause. Dkt. 16 at 8-10.

Court's disfavor implied waivers of contractual rights and require the party asserting waiver prove an intention to relinquish a contractual right. *Or. Mut. Ins. Co. v. Barton*, 109 Wn. App. 405, 418 (2001).

First, plaintiff argues that defendant waived application of the suit limitation clause by not identifying this provision as grounds for denying coverage in a March 17,

ORDER GRANTING MOTION FOR
RECONSIDERATION - 10

2020 letter. Dkt. 16 at 9. This argument is unpersuasive because the suit limitation clause is not an appropriate ground for denial of coverage. Suit limitation clauses act as a modification to the statute of limitation, they do not extinguish the underlying coverage obligation. *W. Beach Condo.*, 11 Wn. App. 2d at 799, 801.

While suit limitation clauses can bar the recovery of judicial remedies for breach of contract, insurers may still have an independent statutory obligation to provide insurance coverage, enforceable by extracontractual claims. *W. Beach Condo.*, 11 Wn. App. 2d at 804-05. Accordingly, the suit limitation clause would have been an inappropriate ground to deny coverage in this action. Therefore, defendant's failure to identify the suit limitation clause as grounds for denying coverage does not indicate an intention to relinquish the application of this provision.

Next, plaintiff argues that defendant waived application of the suit limitation clause in its objection to plaintiff's motion for voluntary dismissal in *Camper I*. Defendant's objection in *Camper I* argues that the Court should either dismiss the action with prejudice or impose sanctions because the dismissal would prejudice defendant. *See*, *Camper v. State Farm Fire and Casualty Company*, Case No. 3:18-cv-5486-BHS, Dkt. 60.[1] Defendant's argument that it would be prejudiced by a voluntary dismissal six days before trial does not indicates an intention to waive the suit limitation clause.

Plaintiff has failed to make a showing that defendant intentionally relinquished or waived application of the suit limitation clause.

---

[1] The Court takes judicial notice of defendant's objection in *Camper I* pursuant to Federal Rule of Evidence 201. *See, Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (the Court "may properly take judicial notice of the record in [previous] litigation between the same parties.").

ORDER GRANTING MOTION FOR
RECONSIDERATION - 11

CONCLUSION

Based on the foregoing discussion, the suit limitation clause does not violate public policy and is applicable to this action. This action cannot be considered a continuation of the previously dismissed action in *Camper I*. Therefore, because plaintiff did not file this action within one year of the date of loss, plaintiff's breach of contract claim is barred by the suit limitation clause, and the Court Orders as follows:

- Defendant's Motion for Reconsideration (Dkt. 30) is GRANTED;
- Defendant's Motion for Partial Summary Judgment (Dkt. 14) is GRANTED;
- Plaintiff's Claim No. 1 for declaratory judgment on plaintiff's breach of contract claim is DISMISSED and Plaintiff's Claim No. 2 for breach of contract is DISMISSED.
- Plaintiff's remaining claims alleging violations of the Insurance Fair Conduct Act; insurance bad faith; negligent claim handling; and violations of the Consumer Protection Act may continue in this litigation.

Dated this 13th day of May, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION FOR
RECONSIDERATION - 12