UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VANESSA CAMPER,

                Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

                Defendants.

Case No. 3:20-cv-5283-TLF

PRETRIAL ORDER

TRIAL DATE:
August 10, 2021

## I. JURISDICTION

Jurisdiction is vested in the court by virtue of 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.

## II. CLAIMS AND DEFENSES

A.    Plaintiff's Claims:
1. Defendant State Farm unreasonably denied coverage under Plaintiff's Homeowner's Insurance Policy.
2. Defendant State Farm unreasonably delayed payment of benefits for covered losses under Plaintiff's Policy.
3. Defendant State Farm breached the duty of good faith that exists between a fiduciary and their insured by unreasonable denying coverage and delaying payment of benefits for covered losses.
4. Defendant State Farm's unreasonable denial of coverage and delay in payment of benefits for covered losses are violations of Washington's insurance regulations on claim handling practices.
5. Defendant State Farm's unreasonable denial of coverage and delay in payment of benefits for covered losses are violations of Washington's Insurance Fair Conduct Act, RCW 48.30.015.Defendant State Farm's unreasonable denial of coverage and delay in payment of benefits for covered losses is a violation of Washington's Consumer Protection Act.

PRETRIAL ORDER - 1

6. Defendant State Farm's unreasonable denial of coverage and delay in payment of benefits for covered losses is a violation of Washington's Consumer Protection Act.

7. Defendant State Farm acted, or failed to act, with ordinary care and thereby breached a duty owed to plaintiff. Breach of this duty was the proximate cause of injury to plaintiff, and constitutes common law negligence.

8. Plaintiff is entitled to an award for her actual damages in amounts to be determined by the jury and reasonable attorney's fees and costs.

   a. Actual damages include, but are not limited to:
   
   (1) Actual cash value of the damage to the home;
   (2) Replacement cost for personal property stolen from the home;
   (3) Storage expenses for home's contents during restoration;
   (4) All relevant out-of-pocket expenses;
   (5) Treble damages under Washington's Insurance Fair Conduct Act;
   (6) Enhanced damages under Washington's Consumer Protection Act; and
   (7) Accrued Interest

B. Defendant's Affirmative Defenses:

1. Plaintiff failed to mitigate damages and/or failed to protect herself from avoidable consequences.

2. State Farm is entitled to offset all payments previously made to or on behalf of plaintiff. The policy excludes coverage for loss caused by neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

3. The policy excludes coverage for loss caused by or consisting of mold, fungus, wet or dry rot.

4. The policy excludes coverage for loss caused by or consisting of contamination.

5. The policy excludes coverage for loss caused by or consisting of wear, tear, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown.

6. The policy excludes coverage for loss caused by defect, weakness, inadequacy, fault or unsoundness in design, specifications, workmanship, construction; grading, compaction, materials used in construction or repair; or maintenance of any property.

7. The policy contains the following conditions, which plaintiff violated:

   Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:
   
   a. give immediate notice to us or our agent. . . .
   b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;
   c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss.

PRETRIAL ORDER - 2

                Attach to the inventory all bills, receipts and related documents to substantiate the figures in the inventory;

8. The limit for Coverage A—DWELLING is $219,573, and the limit for Coverage B—PERSONAL PROPERTY is $204,887.
9. The policy deductible is $2,138.
10. If plaintiff was damaged, said damages were proximately caused by her own fault, and any award on behalf of plaintiff should be reduced in proportion to her comparative fault and/or barred.
11. Plaintiff may have violated WAC 284-30-370, which requires that all persons involved in the investigation of a claim provide reasonable assistance to the insurer.
12. Plaintiff or her representatives may have violated RCW 48.01.030, which requires that all persons, including the insureds, their providers, and their representatives, be actuated by good faith, abstain from deception, and practice honesty and equity in all matters

### III.  ADMITTED FACTS

The following facts are admitted by the parties:

1. Plaintiff Vanessa Camper owns a home located at 7622 South Thompson Avenue, Tacoma, Washington, 98408.
2. Plaintiff's State Farm Homeowner's Policy, 47-BX-Z961-3, was valid and enforceable at the time of the loss that is the subject of this case.
3. Plaintiff's Policy insured a single-family detached home with two levels.
4. Plaintiff discovered flooding in the lower level of the insured home.
5. Plaintiff turned off the water supply to the home, with the assistance of a neighbor.
6. The flooding originated from a broken underground PVC water supply pipe between the water meter at the street and the home.
7. When this pipe broke, water flowed into the front yard of the home and down the driveway.
8. Plaintiff had no notice, or reason to suspect, that the subject pipe would break.
9. Plaintiff gave Defendant State Farm notice of the loss on June 28, 2017.
10. Defendant State Farm assigned adjuster Fred Long to Plaintiff's claim.
11. Mr. Long acted as an agent of Defendant State Farm throughout his handling of plaintiff's claim.
12. Mr. Long inspected Plaintiff's home.
13. Defendant State Farm continues to deny that Plaintiff's Policy provides coverage for repair of the broken pipe.

## IV. ISSUES OF LAW

1. Did Defendant commit bad faith?
2. Did Defendant negligently handle Plaintiff's insurance claim?
3. Did Defendant violate the Washington Consumer Protection Act?
4. Did Defendant violate the Washington Insurance Fair Conduct Act?
5. What are Plaintiff's resulting damages, if any?

## V. EXPERT WITNESSES

1. Some of the witnesses may have expertise that would be helpful for the jury to consider in the form of an opinion. Counsel will meet and confer before any such testimony is elicited. Counsel will alert the Court if they do not come to an agreement about the admissibility of such expert opinion testimony, and will ask the Court for a ruling, before the jury is brought into the courtroom in the morning, and before that witness with the potential expert opinion testifies. And any such hearing will occur outside the presence of the jury.

## VI. WITNESSES

A.  Plaintiff's Witnesses

|   | Name | Address | Expected Testimony | Likelihood of Testifying |
|---|------|---------|--------------------|--------------------------|
| 1. | Vanessa Camper Plaintiff | c/o Plaintiff's counsel | Ms. Camper will testify as to her knowledge of all the facts of the case, including the damages to her house and the remaining repairs that are needed before the house is habitable. | Will testify |
| 2. | Vanniesha Camper-Pitts | 7622 S. Thompson Ave. Tacoma WA, 98408 | Ms. Camper-Pitts will testify as to her knowledge of the past and current conditions of the house, and the facts that pertain to the house still being inhabitable. | Will testify |
| 3. | Torrell Camper | 7622 S. Thompson Ave. Tacoma WA, 98408 | Mr. Camper will testify as to his knowledge of the damages his mother sustained to her property, physical damages to her home and to its contents resulting in costs that she has incurred to repair/replace such damages to the house and its contents. | Will testify |

PRETRIAL ORDER - 4

| | | | | |
|---|---|---|---|---|
| 4. | Henrietta Camper | 1205 Grant Avenue South Apt. P-203 Renton, WA 98055 | Ms. Camper will testify as to her knowledge of the damages sustained to the house and the fact that repairs have not been completed. | Will testify |
| 5. | Fred Long | 1215 Fourth Avenue, Suite 1700, Seattle, WA 98161 | Mr. Long will be asked to testify as to all damages incurred by plaintiff, as he handled the insurance claim on behalf of State Farm. | Will testify |
| 6. | Maggie King | Former Project Manager Washington Restorer, LLC 1402 54th Ave. E. Fife, WA 98424 | Ms. King will be asked to testify on this matter as to Washington Restorer's inspection of the home, evaluation of the damages and the cost estimates to repair the damages. Ms. King will also be asked to testify to the cost of repairing the damage to the home, the state of how the home was inhabitable, and the personal property in the home, which includes the costs for storage cleaning and/or replacement of contents that were damaged beyond repair | Will testify |
| 7. | Jeff Wiskow | Project Manager ServPro of Tacoma P.O. Box 1173 Tacoma, WA 98401 | Mr. Wiskow inspected the property and will testify to the nature and extent of the damages sustained in the subject incident. He can also testify to the repairs needed and the cost of those repairs. He is also able to testify that all damages were directly and proximately caused by the subject event, which resulted in water flooding the home. | Will testify |
| 8. | David Kean | Total Fabricare, LLC 417 99th Street E. Tacoma, WA 98445 | Andrew Park can testify regarding the damage to the personal property in the home, and the cost of cleaning and storing the personal property pending completion of repairs. | Will testify |
| 9. | Dave Kirkland | DrainTech Northwest, LLC P.O. Box 850 Spanaway, WA 98387 | Dave Kirkland inspected the plumbing system in the home shortly after the flooding was discovered. The inspector will testify that the cause of the flooding was an underground water service pipe that went from the water main source to the subject residence. The pipe was an integral part of the home's plumbing system | Will testify |

PRETRIAL ORDER - 5

| | | | | |
|---|---|---|---|---|
| | | | and was located on the subject property. The pipe failed, causing an unrestricted flow of water into the ground, resulting in a catastrophic flood of the home. Given the nature of the failure, its underground location and the pipe's construction, the homeowner, plaintiff Vanessa Camper, could not reasonably have anticipated or prevented the pipe failure and consequent damage. Mr. Kirkland will also testify the water flooding was immediately stopped by turning off the water access to the main. Further, as the result of this damage the home was rendered unfit for human habitation. | |
| 10. | Laura Loftus | 1215 Fourth Avenue, Suite 1700, Seattle, WA 98161 | | Will testify |

B.   Defendant's Witnesses

| | Name | Address | Expected Testimony | Likelihood of Testifying |
|---|---|---|---|---|
| 1. | Vanessa Camper Plaintiff | c/o Plaintiff's Counsel | Ms. Camper will offer the following testimony from the Deposition of Vanessa Camper taken on March 18, 2019, not including testimony to be used for impeachment: p. 13, l. 6 to p. 14, l. 4; p. 23, ll. 7-11; p. 23, ll. 19-25; p. 24, ll. 7-19; p. 25, ll. 9- 19; p. 27, ll. 5-11; p. 30, l. 20 to p. 31, l. 5; p. 31, ll. 10-12; p. 32, ll. 1-11; p. 40, l. 10 to p. 41, l. 14; p. 64 ll. 2-11; p. 75, ll. 16-25; p. 86, l. 20 to p. 87, l. 5. | Will Testify |
| 2. | Fred Long | 1215 Fourth Avenue, Suite 1700, Seattle, WA 98161 | Mr. Long will testify about inspections; communications with plaintiff, her representatives, and Washington Restorer; mitigation and repair estimates; and State Farm payments | Will testify |

PRETRIAL ORDER - 6

| | | | | |
|---|---|---|---|---|
| 3. | Laura Loftus | 1215 Fourth Avenue, Suite 1700, Seattle, WA 98161 | Ms. Loftus will testify about State Farm documents and payments, and communications with ServPro | Will testify |
| 4. | Alex Sitnik | 1402 54th Avenue East, Fife, WA 98424-1228 | Mr. Sitnik will testify about mitigation performed; invoices sent to, communications with, and payments made by State Farm; and communications with plaintiff | Will testify |
| 5. | Dave Kirkland | P.O. Box 850, Spanaway, WA 98387 | Mr. Kirkland will testify about his repair and observation of the leaking water line | Will testify |
| 6. | David Ovall | P.O. Box 1371, North Bend, WA 98045 | Mr. Ovall may testify concerning his investigation into the source of the leak, and communications with plaintiff. | Will testify |
| 7. | Jeff Wiskow | P.O. Box 1173, Tacoma, WA 98401 | Mr. Wiskow may testify concerning his repair estimate and communications with plaintiff. | Will testify |
| 8. | Officer Douglas Walsh | 3701 South Pine St., Tacoma, WA 98409 | Mr. Walsh will testify concerning observations at loss address and communications with plaintiff and family members on June 18, 2019. | Will testify |
| 9. | Patricia Mylan-Tacoma Public Utilities Records Custodian | 3628 S. 35th St., Tacoma, WA 98409 | | Will testify |

## VII.  EXHIBITS

A.   Plaintiff's Exhibit List

| No. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 1. | American Leak Detection Invoice dated July 10, 2017 | Stipulated | Stipulated | | Admitted |
| 2. | Washington Restorer Emergency paperwork dated July 26, 2017 | Stipulated | Stipulated | | Admitted |

PRETRIAL ORDER - 7

| | | | | | |
|---|---|---|---|---|---|
| 3. | Washington Restorer Estimate dated November 13, 2017 | Stipulated | Stipulated | | Admitted |
| 4. | DrainTech Northwest Invoice dated September 11, 2017 | Stipulated | Stipulated | | Admitted |
| 5. | DrainTech Northwest Invoice dated September 14, 2017 | Stipulated | Stipulated | | Admitted |
| 6. | ORION Environmental Services Invoice dated October 6, 2017 | Stipulated | Stipulated | | Admitted |
| 7. | ABC Cleanup Services Invoice dated October 13, 2017 | Stipulated | Stipulated | | Admitted |
| 8. | Good 2 Go Plumbing, LLC Invoice dated October 23, 2017 | Stipulated | Stipulated | | Admitted |
| 9. | Total Fabricare, LLC Invoice dated October 31, 2017 | Stipulated | Stipulated | | Admitted |
| 10. | 4 Acres Restoration, LLC Invoice November 2, 2017 | Stipulated | Stipulated | | Admitted |
| 11. | Total Fabricare, LLC cleaning estimate dated November 6, 2017 | Stipulated | Stipulated | | Admitted |
| 12. | Honey Bucket Invoice dated December 27, 2017 | | | FRE 402 | |
| 13. | Honey Bucket Invoice dated January 8, 2018 | Stipulated | | FRE 402 | |
| 14. | State Farm Summary of Loss and Coverage of | Stipulated | Stipulated | | Admitted |

PRETRIAL ORDER - 8

| No. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| | Claim dated January 11, 2018 | | | | |
| 15. | Total Fabricare, LLC Invoice dated July 23, 2018 | | | FRE 402 | |
| 16. | Servpro of Tacoma Estimate of Repairs dated September 25, 2018 | Stipulated | Stipulated | | Admitted |
| 17. | Photographs from December 10, 2018 | Stipulated | | FRE 403 (cumulative) | |
| 18. | Check from State Farm for Total Fabricare, LLC storage fees of $2,053.33 dated April 19, 2019 | Stipulated | Stipulated | | Admitted |
| 19. | State Farm Homeowner's Policy | | | FRE 403 | |
| 20. | State Farm Claim Notes | Stipulated | Stipulated | | Admitted |
| 21. | State Farm Denial Letters | | | FRE 403 | |
| 22. | Total Fabricare, LLC Invoice dated February 2, 2021 | | | FRE 402 | |
| 23. | Emails from Christine at ServPro | | | Hearsay as to some statements | |
| 24. | Emails from ServPro | | | Hearsay as to some statements | |

B.  Defendant's Exhibit List

| No. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| A-1 | Certified Copy of the State Farm Homeowner's Policy | Stipulated | | Placing a legal document in front of the jury offers nothing of probative value and is likely to create confusion. | Admitted |

PRETRIAL ORDER - 9

| | | | | | |
|---|---|---|---|---|---|
| A-2. | Summary of Loss dated October 11, 2019 | Stipulated | | There is no dispute as to what was paid; the dispute is over what was disallowed. | Admitted |
| A-3. | State Farm Mitigation Estimate dated January 11, 2018 | Stipulated | | Evidence of what was paid is not relevant, and self-serving statements as to the nature and extent of coverage are not admissible as evidence. Further, evidence as to amounts paid for undisputed claims is not relevant to the issues in this case and should be excluded. Plaintiff would agree to the statement of work beginning on SF 149 may be relevant to show the scope of work involved in this case. | Admitted |
| A-4. | State Farm Repair Estimate dated July 23, 2019 | Stipulated | | Evidence of the cost of prior completed and paid work not relevant to the present matters in dispute. | |
| A-5. | State Farm Claim Notes re: Inspections and Communications with Plaintiff dated June 28, 2017- August 31, 2017 | Stipulated | | Will stipulate to admissibility only if the entire set of claim notes is provided. This list is incomplete. | |
| A-6. | State Farm Letter to Plaintiff dated June 30, 2017 | Stipulated | Stipulated | | Admitted |
| A-7. | American Leak Detection Report dated July 7, 2017 | Stipulated | | Will agree to admissibility only if the Drain Tech records are also admitted. This record is misleading and subject to misinterpretation when considered alone. | |

| | | | | | |
|---|---|---|---|---|---|
| A-8. | Ruth Moen Letter to State Farm dated August 14, 2017 | Stipulated | Stipulated | | Admitted |
| A-9. | State Farm Check for Water Mitigation ($19,849.15) dated September 2, 2017 | Stipulated | | | Admitted |
| A-10. | State Farm Check for Repairs ($9,006.44) dated September 2, 2017 | Stipulated | | | Admitted |
| A-11 | DrainTech Proposal and Contract w/ 9/11 Invoice dated September 15, 2017 | Stipulated | Stipulated | | Admitted |
| A-12. | DrainTech Sales Receipt w/ 9/14 Invoice dated September 20, 2017 | Stipulated | Stipulated | | Admitted |
| A-13. | Polarized Light Microscopy Test Report dated October 6, 2017 | Stipulated | Stipulated | | Admitted |
| A-14. | Washington Restorer Drying Records | Stipulated | Stipulated | | Admitted |
| A-15 | Washington Restorer Emails with Third Party Invoices dated November 13, 2017 | Stipulated | | Plaintiff objects to admissibility of bills for matters that were not disputed and were paid, you will need to lay foundation for admissibility for any other purpose and we reserve objections for trial. | Admitted |
| A-16 | State Farm Check to Washington Restorer for Third Party Invoices | Stipulated | | Proof of payment for matters that are not in dispute are not relevant to the disputed issues in the present case | Admitted |

PRETRIAL ORDER - 11

|   |   |   |   |   |   |
|---|---|---|---|---|---|
|   | ($38,286.79) dated December 6, 2017 |   |   |   |   |
| A-17 | State Farm Update Letters to Plaintiff | Stipulated |   | These letters relate to contents, and we dispute their relevance as the Court has already disallowed these claims because they were not documented. |   |
| A-18 | State Farm Check for Water Mitigation ($11,768.20) dated January 11, 2018 | Stipulated |   | (no reason provided) | Admitted |
| A-19 | State Farm Letter to Plaintiff dated January 16, 2018 | Stipulated | Stipulated |   | Admitted |
| A-20 | State Farm Check for Repairs ($2,053.33) dated April 22, 2019 | Stipulated |   | This exhibit is misleading and confusing. All checks towards pending claims were either deposited in our trust account or not deposited at all. Any available sums or checks in our possession were tendered to Servpro as part of the proposed final home restoration project proposal. Servpro declined to proceed with restoration after State Farm refused to authorize replacement of cuts over two feet. | Admitted |
| A-21 | State Farm Check for Repairs ($4,267.26) dated February 4, 2019 | Stipulated |   | See #20 | Admitted |
| A-22 | Tacoma Public Utilities Invoices |   |   | Plaintiff's personal financial history and disputes as to payment of bills are not relevant to the present case and |   |

PRETRIAL ORDER - 12

| | | | | | |
|---|---|---|---|---|---|
| | | | | can only have a prejudicial impact. | |
| A-23 | Tacoma Public Utilities Contacts | | | Plaintiff's personal financial history and disputes as to payment of bills are not relevant to the present case and can only have a prejudicial impact | |
| A-24 | Tacoma Public Utilities Notifications | | | Plaintiff's personal financial history and disputes as to payment of bills are not relevant to the present case and can only have a prejudicial impact | |
| A-25 | Plaintiff's Interrogatory Answers, nos. 5,15,18 dated July 22, 2019 | Stipulated | | You will need to lay foundation for admissibility of any prior statements made in these responses. | |
| A-26 | Photographs dated July 7, 2017 | Stipulated | Stipulated | | Admitted |
| A-27 | Photographs dated July 20, 2017 | Stipulated | Stipulated | | Admitted |
| A-28 | Photographs dated August 25, 2017 | Stipulated | Stipulated | | Admitted |
| A-29 | Allstate Photographs dated May 27, 2017 | Stipulated | Stipulated | | Admitted |
| A-30 | Photographs dated December 10, 2018 | | | | |
| A-31 | Letter from Michael S. Rogers to George Thornton dated July 25, 2019 | Stipulated | | This is a self-serving and misleading document and is not admissible. I note when called on to do so I authorized direct communications between ServPro and the insurance companies. However, as Mr. Wiskow has testified, they were not able to reconcile their | |

PRETRIAL ORDER - 13

| | | | | | |
|---|---|---|---|---|---|
| | | | | bid with State Farm's limitations and as such Servpro declined to complete the work. | |
| A-32 | State Farm Letter to Thornton dated February 4, 2019 | | Stipulated | Will agree to admissibility only as to the letter dated 2/4/2019. Plaintiff objects to the admissibility of the remainder of this exhibit | |
| A-33 | Washington Restorer Email with Itemized Billing dated November 17, 2017 | Stipulated | Stipulated | | Admitted |
| A-34 | Washington Restorer Email with Mitigation Invoice dated December 29, 2017 | Stipulated | Stipulated (only at page 1) | Plaintiff objects to the admissibility of the remaining documents as they are not material to the disputes in the present case. | |
| A-35 | ServPro Repair Estimate dated August 7, 2019 | Stipulated | Stipulated | | Admitted |
| A-36 | Wiskow Email dated September 6, 2018 | Stipulated | | (no reason provided) | Admitted |
| A-37 | ServPro Email to Allstate with Attachment dated September 26, 2018 | Stipulated | | The submission is incomplete and fails to show a complete pattern of communication between plaintiff and defense counsel, ServPro and State Farm. We specifically note as documented in the deposition testimony of Jeff Wiskow that my office authorized direct communications between State Farm and | |

PRETRIAL ORDER - 14

| | | | | | |
|---|---|---|---|---|---|
| | | | | ServPro to try to resolve conflicts in bids. Servpro was communicating by mistake to Allstate. When I learned of the communication problems, I tried to get Servpro to resolve the bid, but the differences could not be reconciled and Servpro declined to accept deposits or proceed. Defendant's attempt to claim the failure in resolving the bid was solely due to my office or Ms. Camper's lack of cooperation is not accurate and not supported by the complete record | |
| A-38 | SerPro Email to Allstate dated October 4, 2018 | Stipulated | | | |
| A-39 | SerPro Email to Allstate with Attachment dated October 18, 2018 | Stipulated | | | |
| A-40 | Wiskow Email to Camper dated April 30, 2019 | Stipulated | | | |
| A-41 | Wiskow Email to Slagle dated April 30, 2019 | Stipulated | | | |
| A-42 | Wiskow Email to Camper dated April 30, 2019 | Stipulated | | | |
| A-43 | Wiskow Email to Camper dated May 3, 2019 | Stipulated | | | |
| A-44 | ServPro Emails dated July 24, 2019 | Stipulated | | | |

PRETRIAL ORDER - 15

| | | | | | |
|---|---|---|---|---|---|
| A-45 | Wiskow Email to Camper dated August 1, 2019 | Stipulated | | | |
| A-46 | ServPro Email to Thornton dated August 19, 2019 | Stipulated | | | |
| A-47 | ServPro Photographs dated September 5, 2018 | Stipulated | Stipulated | | Admitted |
| A-48 | Tacoma Police Department Report dated June 18, 2019 | | | (no reason provided) | Admitted |
| A-49 | Tacoma Police Department Photographs dated June 18, 2019 | | | (no reason provided) | Admitted |
| A-50 | Tacoma Police Department Report dated August 3, 2019 | | | (no reason provided) | Admitted |
| A-51 | Tacoma Police Department Report dated May 7, 2019 | | | (no reason provided) | Admitted |
| A-52 | Plaintiff's Interrogatory Answers nos. 12-14, 17-18, dated January 5, 2021 | Stipulated | | | |
| A-53 | Plaintiff's Photographs | Stipulated | Stipulated | | Admitted |
| A-54 | 5/27/17 Washington Restorer Emergency Service Form | Stipulated | Stipulated | | Admitted |

## VIII.  ACTION BY THE COURT

This case is scheduled for trial before a jury on August 10, 2021 at 9:30 a.m. A jury of eight will be selected using the Zoom virtual platform. Trial, from opening statements through jury deliberation, will be "in person" at the United States Courthouse in Tacoma, Washington. Court will regularly be held from 9:30 a.m. to noon and from 1:30 p.m. to 4:30 p.m., with

morning and afternoon breaks. Counsel is expected to arrive at the Courthouse by 8:30 a.m. each morning, with the exception of Tuesday August 11; on that date, counsel should arrive at 9:00 AM.

Counsel will be furnished with written responses, insofar as they have been returned, to the jury questionnaire furnished by counsel, but in a different format. Counsel should note that questions not addressed by a juror will not appear on that juror's responses.

Each side will be allowed a maximum of 15 minutes voir dire to supplement the Court's voir dire.

The Court will assign courtroom seating for counsel and jurors.

Counsel are instructed to provide proposed revisions to the Court's statement of the case as provided in the Preliminary Jury Instructions by 12:00 p.m. on Monday August 9, 2021. The Preliminary Jury Instructions will also include an instruction on unconscious bias.[1] Upon review of each party's respective statement of the case, the Court will provide the parties with final Preliminary Jury Instructions.

Plaintiff is instructed to file revised counsel-asked voir dire questions to the Court by 12:00 p.m. on August 9, 2021.

The Court will send, by email to counsel, the anticipated voir dire questions that will be asked by the Court, including the questions regarding the COVID-19 ongoing pandemic. The Court will allow the parties to ask reasonable follow-up questions during their 15-minutes of counsel-asked voir dire questions. In the event the Court deems counsels' follow-up questions about COVID-19 to be unreasonable, the Court will direct counsel to refrain from pursuing the

---

[1] https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_6_2021.pdf

question, and then either rephrase the question or discuss (outside the presence of the prospective jurors) with the Court.

Witnesses will be excluded from the courtroom until their entire testimony, including any rebuttal testimony, is completed. This does not apply to parties and spouses of parties. The Court will allow jurors to ask witnesses questions. The Court will prepare a form that jurors must use if they have questions for witnesses.

Each side may have the use of an attorney-client conference room for in the courthouse for the duration of the trial.

Every person must wear a face mask in the courtroom except when speaking. The Court will provide new face masks to the jurors each morning. Social distancing and mask-wearing will be required, due to the global pandemic of COVID-19 and its variants, and local community spread of the virus.

Finally, the Court denies defendant's motion to dismiss plaintiff's negligence claim (Dkt. 64). This issue will be decided by the jury.

A pretrial conference will be held on Monday, August 9, 2021 at 3:00 PM by Zoom to resolve the remaining objections to authenticity or admissibility of exhibits. The Court will finalize the Court's neutral statement; and the Court will finalize the Court's initial jury instructions; these documents will be provided to counsel before the pretrial conference on August 9. The Court will issue a supplemental pretrial order after that hearing.

Dated this 6th day of August, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

PRETRIAL ORDER - 19